UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN, III,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PALMER,<br><br>    Defendant. | Case No. 1:19-cv-00958-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT PALMER FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREE EXERCISE OF RELIGION AND FOR VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000, AND THAT ALL OTHER CLAIMS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    BACKGROUND**

Marcos Casey Guillen, III ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant removed this case to this Court on July 10, 2019. (ECF No. 1).

The Court screened Plaintiff's complaint on October 22, 2019, and gave Plaintiff options as to how to move forward. (ECF No. 5). On October 30, 2019, Plaintiff filed his

1

response to the Court's screening order. (ECF No. 6). Plaintiff stated that he "does not want to file an amended complaint but chooses to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge consistent with [the screening] order." (Id. at 1).[1]

Accordingly, the Court issues these findings and recommendations to a district judge consistent with the screening order.

For the reasons described below, the Court finds that Plaintiff has stated cognizable claims against Defendant Palmer for violation of Plaintiff's First Amendment right to free exercise of religion and for violation of the Religious Land Use and Institutionalized Persons Act of 2000. The Court finds that Plaintiff fails to state any other claims.

**II.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts

---

[1] Plaintiff also stated that he wants to proceed only on the claims against Defendant Palmer for violation of his First Amendment right to free exercise of religion and for violation of the Religious Land Use and Institutionalized Persons Act of 2000. However, given that Plaintiff stated that he wants to stand on his complaint, the Court will issue findings and recommendations to a district judge consistent with the screening order.

"are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**III.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint alleges that a number of religious items were confiscated without justification.

Plaintiff ordered a number of spiritual Native American/Indigenous items, which arrived on approximately February 14, 2018. Plaintiff later received a "Notification of Disapproval mail/Package/Publications," dated February 27, 2018, from Defendant Operations Captain M. Palmer. The form lists the spiritual Native American/Indigenous items that are unlawfully restricted by Defendant Palmer.

Plaintiff also alleges that Defendant Palmer had Plaintiff's package for more than thirty days without notifying the State Religious Review Committee, which violates California Code of Regulation Title 15, section 3213(e).

Defendant Palmer used the Religious Personal Property Matrix ("RPPM"), which is very strict and used for the general inmates that use religious or non-religious items.

Inmates that practice the Native American or Indigenous Religion and/or way of life and participate in the Red Tail Hawk Spiritual Circle are allowed different religious items from those that do not.

Plaintiff has asked for a penological reason why each item was not allowed. For example, Plaintiff does not understand why Bee Wax was confiscated. He questions whether it can be used as a weapon. Bee Wax is placed on thread for Native Bead work, so that the thread will not tangle. Turtle shells are used to make rattles.

Plaintiff attaches documents that appear to show that religious artifacts have been confiscated. Plaintiff alleges that this confiscation imposes a substantial burden on his religious

exercise without furthering a compelling governmental interest or being the least restrictive means of furthering such an interest.

### IV. ANALYSIS OF CLAIMS

#### a. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely

resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal,* 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

### b. First Amendment Right to Free Exercise of Religion

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ...." U.S. Const. amend I. The United States Court of Appeals for the Ninth Circuit summarizes the application of the Free Exercise Clause in a state prison context as follows:

> The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, *Everson v. Bd. of Educ. of Ewing Twp*., 330 U.S. 1, 8, 67 S.Ct. 504, 91 L.Ed. 711 (1947), "prohibits government from making a law 'prohibiting the free exercise [of religion].' " *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam) (alteration in original). The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. *See, e.g., O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Cruz*, 405 U.S. at 322, 92 S.Ct. 1079. A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. *O'Lone*, 482 U.S. at 348, 107 S.Ct. 2400.

*Hartmann v. California Dep't of Corr. & Rehab*., 707 F.3d 1114, 1122 (9th Cir. 2013).

"To prevail on their Free Exercise claim, Plaintiffs must allege facts plausibly showing that the government denied them 'a reasonable opportunity of pursuing [their] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Id*. (citing *Cruz*, 405 U.S. at 322, 92 S.Ct. 1079). To implicate the Free Exercise Clause, a prisoner must show that the belief at issue is both "sincerely held" and "rooted in religious belief." *Malik v. Brown,* 16 F.3d 330, 333 (9th Cir. 1994); *see also Shakur,* 514 F.3d 884–85

(noting the Supreme Court's disapproval of the "centrality" test and finding that the "sincerity" test in *Malik* determines whether the Free Exercise Clause applies). If the inmate makes his initial showing of a sincerely held religious belief, he must establish that prison officials substantially burdened the practice of his religion by preventing him from engaging in conduct that he sincerely believes is consistent with his faith. *Shakur,* 514 F.3d at 884–85.

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotations and citation omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id*. (quoting *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id*. (citation and internal quotation marks omitted).

Liberally construing the facts in Plaintiff's favor, which the Court must do at this stage, the Court finds that Plaintiff has alleged facts that state a cognizable claim for violation of his First Amendment rights to free exercise of his religion sufficient to proceed past the screening stage. Plaintiff has sufficiently alleged that he has a sincerely held belief in the Native religion, and that Defendant Palmer substantially burdened his exercise of religion by confiscating Native artifacts in a way that denied him a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.

### c. RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
> (1) is in furtherance of a compelling government interest; and

>  (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). Plaintiff must allege facts demonstrating that Defendant substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation or action at issue "substantially burdens" that religious exercise. *Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2008).

"RLUIPA does not define 'substantial burden,' but [the Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.'" *Hartmann*, 707 F.3d at 1124–25 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). "Generally, the term 'substantial burden' in RLUIPA is construed in light of federal Supreme Court and appellate jurisprudence involving the Free Exercise Clause of the First Amendment prior to the Court's decision in *Emp't Div. Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 878–82, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990)." *Int'l Church of Foursquare Gospel*, 673 F.3d at 1067 (citing *Guru Nanak*, 456 F.3d at 988). "In the context of a prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Hartmann*, 707 F.3d at 1124–25 (citing *Warsoldier*, 418 F.3d at 995).

The Court finds that Plaintiff has stated a cognizable claim against Defendant Palmer for violation of RLUIPA sufficient to proceed past the screening stage. As discussed above, Plaintiff has sufficiently alleged that Defendant Palmer substantially burdened his religious exercise by confiscating religious artifacts.

### d. California Code of Regulations

Plaintiff also alleges that Defendant Palmer violated California Code of Regulation, Title 15, section 3213(e). That section states:

>  (e) The institution head or designee retains the authority to remove or restrict use

7

of an approved religious item in accordance with subsection 3006(d), based on a serious threat to facility security or to the safety of inmates and staff, and to the degree necessary to eliminate the threat. The removal or restriction may continue for a period of up to 30 calendar days and shall be documented on a CDC Form 128-A (Rev. 4/74), Custodial Counseling Chrono, pursuant to section 3312. Removal or restriction of an approved religious item for longer than 30 calendar days shall require approval by the Associate Director of the Statewide Religious Review Committee (SRRC), as defined in section 3000. At the end of the removal or restriction period, either of the following will occur:

(1) If the Associate Director of the SRRC does not approve an extension, the restriction shall be lifted and the item(s) shall be returned to the inmate and documented on the CDC Form 128-A.

(2) If the Associate Director of the SRRC does approve an extension, the restriction will continue, and the issue sent for review to the SRRC to determine the appropriate response or restriction.

Cal. Code Regs., tit. 15, § 3213.

To the extent that Plaintiff seeks to bring claims based on a purported violation of Title 15, there is no independent cause of action for a violation of Title 15 regulations. *See, e.g.*, *Parra v. Hernandez*, 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations). Similarly, there is no liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

### V. CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that it states cognizable claims against Defendant Palmer for violation of Plaintiff's First Amendment right to free exercise of religion and for violation of the Religious Land Use and Institutionalized Persons Act of 2000. The Court also finds that Plaintiff has failed to state any other cognizable claims.

As Plaintiff has chosen to stand on his complaint and has stated that he "does not want to file an amended complaint," the Court does not recommend granting leave to amend.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against Defendant Palmer for violation of

Plaintiff's First Amendment right to free exercise of religion and for violation of the Religious Land Use and Institutionalized Persons Act of 2000; and

2. All other claims be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **November 5, 2019**           /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE