UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN, III,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. PALMER,<br><br>　　　　Defendant(s). | Case No. 1:19-cv-00958-LJO-EPG (PC)<br><br>ORDER REGARDING EARLY SETTLEMENT CONFERENCE<br><br>ORDER DIRECTING CLERK TO SERVE SUPERVISING DEPUTY ATTORNEY GENERAL CHRISTOPHER BECKER WITH A COPY OF: 1) PLAINTIFF'S COMPLAINT (ECF NO. 1); 2) THE SCREENING ORDER (ECF NOS. 7 & 8); AND 3) THIS ORDER |

　　　　Marcos Casey Guillen, III ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The Court has screened Plaintiff's complaint and found it states at least one cognizable claim. Service of process has been accomplished on at least one defendant.

　　　　The Court now directs the parties to participate in a settlement conference before a Magistrate Judge to see if the case can reach a settlement before going further in litigation. Plaintiff will be transported to the settlement conference and defense counsel will appear in person. Neither side is waiving any claims, defenses, or objections by participating in this settlement conference.

　　　　Defense counsel is directed to consider Plaintiff's claim(s) and speak with Plaintiff following this order. If, after investigating Plaintiff's claim(s) and speaking with Plaintiff, and

1

conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would not be productive at this time, defense counsel may opt out of this settlement conference by filing a notice with the Court, in which case the matter will proceed to litigation without an early settlement conference.

If defense counsel does not opt out of the settlement conference, the Court will issue separate order(s) setting the settlement conference and detailing the pre-settlement conference procedures in due course.

Two weeks after the issuance of the order setting the settlement conference, in order to better inform all parties and have a meaningful conference, the Court is requiring that both parties disclose certain documents to each other about the case, as listed below. These documents are relevant to the case and will most likely be disclosed in discovery shortly if this case goes to litigation.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, the assigned Deputy Attorney General shall either: (1) file a notice that Defendant(s) opt out of the settlement conference; or (2) contact ADR Coordinator Sujean Park (spark@caed.uscourts.gov) to schedule the settlement conference.[2] If the assigned Deputy Attorney General does not opt out of the settlement conference, the Court will issue an order setting a settlement conference. That order will include the date of the conference and the Magistrate Judge who will oversee the conference, and may also include procedures required by that Judge.[3]

2. If a settlement conference is set, no later than two weeks after the date of service of the order setting the settlement conference, each party shall send the other parties, or their attorneys (if represented), the documents listed below. The

---

[1] If any party has a legal objection to providing a particular document, that party shall file and serve a notice describing its objection.
[2] The Court may issue a separate order setting a scheduling conference and ordering initial disclosures, or may already have done so. If difficulties arise in scheduling the settlement conference prior to the initial scheduling conference, the parties may file a request for the Court to continue the initial scheduling conference.
[3] The undersigned will not be the Magistrate Judge overseeing the settlement conference.

parties only need to provide documents related to the claim(s) that the Court allowed to proceed past the screening stage. Additionally, Defense counsel does not need to include any documents that defense counsel believes are confidential or subject to the official information privilege at this time. Plaintiff does not need to request any documents from the institution at this time. Plaintiff only needs to provide these documents if Plaintiff already has them in his or her possession. Defense counsel shall send copies of the following documents to Plaintiff and Plaintiff shall send copies to counsel for Defendant(s):

   a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office;
   b. All non-confidential documents regarding Rules Violation Reports, if any exist, associated with the incident(s) alleged in the complaint, including disciplinary charges and findings;
   c. All of Plaintiff's medical records related to the incident and/or condition at issue in the case, if any exist;
   d. Chronos for transfer or Administrative Segregation placement related to the incident(s) alleged in the complaint, if any exist; and
   e. Non-confidential incident reports regarding the use of force incident(s) alleged in the complaint, if any exist;

Additionally, the parties may send any other documents related to the case that the parties believe will assist in the settlement conference.

3. The parties remain obligated to keep the Court informed of their current address. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

///
///
///

4. The Clerk of Court shall serve Supervising Deputy Attorney General Christopher Becker with a copy of: (1) Plaintiff's complaint (ECF No. 1); (2) the screening order (ECF Nos. 7 & 8); and (3) this order.

IT IS SO ORDERED.

Dated: **January 26, 2020**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE