1

2 UNITED STATES DISTRICT COURT

3 EASTERN DISTRICT OF CALIFORNIA

4

| 5 | MARCOS CASEY GUILLEN, III, | Case No. 1:19-cv-00958-NONE-EPG (PC) |
|---|---|---|
| 6 | Plaintiff, | SCHEDULING ORDER AND ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 281(b) |
| 7 | | |
| 8 | v. | Settlement Conf.: July 16, 2020 Time: 10:00 a.m. |
| 9 | | Courtroom 6 (JDP) |
| 10 | | Motions to Compel: September 11, 2020 |
| 11 | M. PALMER, | Non-expert |
| | Defendant(s). | Discovery: October 30, 2020 |
| 12 | | Dispositive Motions: December 4, 2020 |
| 13 | | |
| 14 | | Expert Disclosures: June 4, 2021 |
| 15 | | Rebuttal Expert Disclosures: July 2, 2021 |
| 16 | | Plaintiff's Pretrial |
| 17 | | Statement: August 25, 2021 |
| 18 | | Defendant(s)' Pretrial Statement: September 24, 2021 |
| 19 | | Telephonic Trial |
| 20 | | Confirmation Hearing: October 25, 2021 Time: 1:30 p.m. |
| 21 | | Courtroom 4 (NONE) |
| 22 | | Jury Trial: Not Setting |

23   This Court conducted a scheduling conference on April 29, 2020.  Plaintiff Marcos Casey

24 Guillen, III, telephonically appeared on his own behalf.  Counsel Andrea Sloan and Lawrence

25 Bragg telephonically appeared on behalf of Defendant(s).  Pursuant to Federal Rule of Civil

26 Procedure 16(b), this Court now sets a schedule for this action.

27 ///

28

## I.      DISCOVERY PROCEDURES

The parties are now granted leave to serve discovery in addition to that provided as part of initial disclosures.  Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135.  Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue).  A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission.  On motion, these limits may be increased for good cause.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served.  Boilerplate objections are disfavored and may be summarily overruled by the Court.  Responses to document requests shall include all documents within a party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.

3. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty (30) days** after the date that responses are due.  **The privilege log shall simultaneously be filed with the Court.  Failure to provide and file a privilege log within this time shall result in a waiver of the privilege.**  Additionally, **if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of**

1   **why the witness statements and/or evidence is privileged**.[1]  The witness statements

2   and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare

3   Street, Sixth Floor, Fresno, CA 93721.  The withholding party shall also file and serve

4   a notice that they have complied with this order.  All other claims of privilege,

5   including claims of the official information privilege over information other than

6   witness statements and/or evidence gathered from investigation(s) into the incident(s)

7   at issue in the complaint, may be challenged via a motion to compel.

8       4.  Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose

9   Plaintiff and any other witness confined in a prison on the condition that, at least

10   fourteen (14) days before such a deposition, Defendant(s) serve all parties with the

11   notice required by Federal Rule of Civil Procedure 30(b)(1).  Plaintiff's failure to

12   participate in a properly noticed deposition could result in sanctions against Plaintiff,

13   including monetary sanctions and/or dismissal of this case.  Pursuant to Federal Rule

14   of Civil Procedure 30(b)(4), the parties may take any deposition under this section by

15   video conference without a further motion or order of the Court.  Due to security

16   concerns and institutional considerations not applicable to Defendant(s), Plaintiff must

17   seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of

18   Civil Procedure 30(a)(2).  Nothing herein forecloses a party from bringing a motion

19   for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

    The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted).  The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (internal citations omitted).

3

5. With the Court's permission, Plaintiff may serve third party subpoenas, including on the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General, if Plaintiff seeks documents from entities that are not presently defendants in this case.  To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court.  If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents.  In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party.  The documents requested must also fall within the scope of discovery allowed in this action.  *See* Fed. R. Civ. P. 26(b)(1).

6. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

7. The parties have until **September 11, 2020**, to file motion(s) to compel further discovery responses.  The motion(s) should include a copy of the request(s) and any response to the request(s) at issue.  The responding party may file a response to the motion to compel no later then **fourteen days after the motion to compel is filed**.  If, after reviewing the motion(s) and response(s), the Court determines that a hearing will be helpful, the Court will set a hearing on the motion(s) to compel.

## II.   PAGE LIMITS AND COURTESY COPIES

The parties are advised that unless prior leave of the Court is obtained before the filing

deadline,[2] *all* moving and opposition briefs or legal memoranda shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.

Defendant(s) shall mail or deliver courtesy hard-copies of all motions over 10 pages in length to the court at 2500 Tulare St., Room 1501, Fresno, CA  93721.  Courtesy hard-copies shall reflect the CM/ECF document numbers and pagination.

## III.    NON-EXPERT DISCOVERY DEADLINE

The deadline for the completion of all non-expert discovery is **October 30, 2020**.  All non-expert discovery must be provided by this date.

## IV.    EXPERT DISCOVERY DEADLINES

The deadline for all parties to serve their expert disclosures is **June 4, 2021**.  Parties have until **July 2, 2021,** to serve their rebuttal expert disclosures.

## V.    DISPOSITIVE MOTIONS DEADLINE

The deadline for filing dispositive motions is **December 4, 2020**.  Failure to raise the defense of failure to exhaust administrative remedies by this deadline will result in waiver of the defense.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

If Defendant(s) file a motion for summary judgment, Defendant(s) shall simultaneously provide Plaintiff with the notice and warning required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

## VI.    SETTLEMENT CONFERENCE

A settlement conference has been set for **July 16, 2020, at 10:00 a.m.,** in Courtroom 6, before Magistrate Judge Jeremy D. Peterson.

## VII.    MAGISTRATE JUDGE JURISDICTION

The parties have not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

///

---

[2] Parties may seek leave by filing a short motion.

**VIII.   TELEPHONIC TRIAL CONFIRMATION HEARING**

A Telephonic Trial Confirmation Hearing is set for **October 25, 2021, at 1:30 p.m.**, in Courtroom 4, before the assigned district judge.  Counsel for Defendant(s) is required to arrange for the participation of Plaintiff in the Telephonic Trial Confirmation Hearing and to initiate the telephonic hearing by arranging a one-line conference call and telephoning the Court at (559) 499-5680.

In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any or all witnesses named in Plaintiff's pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove Plaintiff's case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, Plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.       Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court.  This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by

6

declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party him or herself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify); or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

2.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The Court will review and rule on the motion(s) for attendance of incarcerated witnesses,

1   specifying which prospective witnesses must be brought to court.  Subsequently, the Court will

2   issue the writs necessary to cause the witnesses' custodian(s) to bring the witnesses to court.

3       Motion(s) for the attendance of incarcerated witnesses, if any, must be filed on or before

4   **August 25, 2021**.  Opposition(s), if any, must be filed on or before **September 24, 2021**.

5       3.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

6   Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated

7   witness's voluntary attendance to notify the witness of the time and date of trial.  No action need

8   be sought or obtained from the Court.

9       4.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

10   Testify Voluntarily  -  If a prospective witness is not incarcerated, and he or she refuses to testify

11   voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the

12   party seeking the witness's presence must tender an appropriate sum of money for the witness.

13   *Id.*  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness

14   fee of $40.00 plus the witness's travel expenses.  28 U.S.C. § 1821.

15       If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who

16   refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and

17   location of each unincarcerated witness.  The Court will calculate the travel expense for each

18   unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness,

19   submit a money order made payable to the witness for the full amount of the witness's travel

20   expenses plus the daily witness fee of $40.00.  The subpoena will not be served upon the

21   unincarcerated witness by the United States Marshals Service unless the money order is tendered

22   to the Court.  Because no statute authorizes the use of public funds for these expenses in civil

23   cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted

24   leave to proceed *in forma pauperis*.

25       If Plaintiff wishes to have the Marshals Service serve any unincarcerated witnesses who

26   refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than

27   **September 24, 2021**.  In order to ensure timely submission of the money orders, Plaintiff must

28   notify the Court of the names and locations of his witnesses, in compliance with the instructions

above, no later than **August 25, 2021**.

Plaintiff shall file and serve a pretrial statement as described in this order on or before **August 25, 2021**. Defendant(s) shall file and serve a pretrial statement as described in this order on or before **September 24, 2021**.

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

The Clerk of Court is directed to send Plaintiff a copy of Local Rule 281(b).

## IX.    TRIAL DATE

Given the Court's Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California, no trial date is set at this time.  The trial date will be set at a later date.

## X.    EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed***.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **April 30, 2020**          /s/ _Erica  P.  Grosjean_

UNITED STATES MAGISTRATE JUDGE

9